284 So.2d 9 (1973)
STATE of Florida ex rel. Kenneth J. MILLER, Relator,
v.
The Honorable William A. PATTERSON, and Each and Every, All and Singular the Circuit Judges of the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, Respondents.
No. 73-765.
District Court of Appeal of Florida, Second District.
October 17, 1973.
John L. Riley, Riley, Schowe & Saltsman, St. Petersburg, for relator.
Robert L. Shevin, Atty. Gen., Tallahassee, Baya Harrison, III, Asst. Atty. Gen., Tampa, for respondents.

ON SUGGESTION FOR WRIT OF PROHIBITION
McNULTY, Judge.
Relator seeks to prohibit respondents, as circuit judges of the Sixth Judicial Circuit, Pinellas County, from causing him to be tried on a felony charge now pending before them. He asserts his constitutional rights against twice being put in jeopardy for the same offense. We think he's right, and that prohibition is appropriate.[1]
Relator was arrested on May 13, 1973 and charged by a Uniform Traffic Citation with "failure to remain at the scene of an accident involving injury in violation of State Statute § 316.027." Thereafter, such *10 citation was filed in the County Court of Pinellas County, there to serve, pursuant to § 316.081, F.S. 1971, F.S.A., as an accusatory writ upon which prosecution may be had. While that case was pending in the County Court the State Attorney filed the direct information involved herein in the Circuit Court which charges the relator with a felony, to-wit: "willfully" leaving the scene of an accident involving personal injury in violation of "§ 316.062." As may be suspected, at this point, it is undisputed that the accident referred to in the Uniform Traffic Citation, and the accident referred to in the pending information in the Circuit Court, are one and the same accident; and the one injured party is the same person in each case.
In due course the charge pending in the County Court was called up for trial and, on July 11, 1973 with the state then and there being represented by an Assistant State Attorney and acquiescing therein, relator changed his previously entered plea of not guilty and entered his plea of guilty. Such plea was accepted by the court and a finding of guilt entered, but formal adjudication of guilt was withheld pending a pre-sentence investigation.
On these facts relator first contends that the offense as laid in the aforesaid Uniform Traffic Citation is a misdemeanor. Secondly, he submits that he was placed in jeopardy thereof upon acceptance by the County Court of his plea of guilty thereto since that court has misdemeanor jurisdiction.[2] Finally, he insists that such offense is included within the felony offense of "willfully" leaving the scene of an accident as embraced within the information now pending. He concludes, therefore, that the two charges are really the "same offense" within the discipline of double jeopardy considerations and that prohibition will lie to preclude prosecution of the impending felony charge.
The state on the other hand contends that a violation of § 316.027, supra, is a felony only, with no misdemeanor included within it. Accordingly, it says, the County Court has no jurisdiction to proceed on the Uniform Traffic Citation at all; but having done so nonetheless, its proceedings in the premises are absolutely void thus clearing the way for the pending Circuit Court prosecution. Moreover, says the state, jurisdiction cannot be conferred upon the County Court by waiver or estoppel predicated upon the state's acquiescence in the proceedings therein.
While we can agree with the state that jurisdiction cannot be conferred on the County Court by waiver or estoppel, we must disagree that that court did not have jurisdiction in the first place. Three sections of Chapter 316, F.S. 1971, F.S.A., known as the Florida uniform traffic control law, are relevant here. First of all, to summarize in the interest of brevity and conciseness, § 316.026 of that law is an omnibus section which provides that a violation of any provision of Chapter 316, F.S. 1971, F.S.A., constitutes a crime punishable as a misdemeanor unless a different punishment is specifically otherwise provided for. Section 316.062 makes it incumbent on the driver of any motor vehicle involved in an accident resulting in injury or death to any person to give his name and address, and exhibit his license upon request, to the person injured or to another appropriate person or to the investigating police officer, and, further, to render aid to or assist any injured person as may be apparently necessary; or, if any of the foregoing are impossible or impracticable, to promptly report the accident to the nearest authorized police authority. Section 316.027, the critical section involved herein, is quoted in material part as follows:
"316.027 Accidents involving death or personal injuries. 
(1) The driver of any vehicle involved in an accident resulting in injury *11 or death of any person shall immediately stop such vehicle at the scene of the accident, or as close thereto as possible, and shall forthwith return to, and in every event shall remain at the scene of, the accident until he has fulfilled the requirements of § 316.062. Every such stop shall be made without obstructing traffic more than is necessary.
(2) Any person willfully failing to stop or to comply with said requirements under such circumstances is guilty of a felony and, upon conviction, shall be punished by imprisonment in the state penitentiary for not more that one (1) year or by fine of not more than five thousand dollars ($5,000) or by both such fine and imprisonment." (Italics ours.)
We parenthetically point out here that § 316.062, supra, does not expressly require that a driver stop to comply therewith; but it is obviously impossible to comply without stopping. On the other hand, the aforequoted § 316.027 expressly requires the driver to stop and/or to remain at the scene and fully to comply with the aforesaid § 316.062. But in any case, it is obvious that both sections must be read in pari materia and that each relates to the same wrongful conduct, to-wit: failure to comply with § 316.062. The state can take no solace, therefore, in the fact that the Uniform Traffic Citation first issued as aforesaid expressly cited a violation of § 316.027 while the pending information in the Circuit Court cites a violation of § 316.062. Each such section proscribes essentially the same acts or omissions.
Now again, as early pointed out above, relator contends that failing to stop and/or to remain at the scene of an accident until complying with § 316.062, supra, in violation of subsection (1) of § 316.027, is a misdemeanor punishable pursuant to the aforesaid omnibus misdemeanor section. He further contends that such misdemeanor is included in the felony which he says is expressly defined by subsection (2) of said § 316.027, the only additional element in the latter section being the element of willfulness. We agree.
Clearly, subsection (1) of § 316.027, of itself and without more, completely proscribes conduct malum prohibitum, and under the settled law on the subject mere present ability to comply with the mandate of such a statute compels obedience thereto; scienter, willfulness, purity of motive, unawareness or ignorance are irrelevant.[3] Therefore, if one has the present ability to comply with said subsection and does not, though such failure be non-willful or under circumstances indicating non-awareness or ignorance, he is nonetheless amenable to prosecution therefor. But, we hold, he is only guilty of a misdemeanor because of the absence of the required additional element of willfulness expressly included in the felony fully defined by subsection (2) of said § 316.027. Obviously, there are any number of instances where a driver might fail to comply with § 316.027 non-willfully; and the legislature clearly recognized this by condemning willful non-compliance in subsection (2) thereof and making it a felony. Who would gainsay that willful non-compliance is more reprehensible?
Finally, we express our view that the misdemeanor defined by subsection (1) of § 316.027 is included within the felony defined by subsection (2) thereof since, as noted, the two principal sections involved, i.e., § 316.027 itself and § 316.062, both condemn the same conduct; the additional element of willfulness found in subsection (2) of § 316.027 merely makes such proscribed conduct a higher degree of the "same offense." Accordingly, double jeopardy considerations come into play.[4]
We hold, therefore, that the County Court had jurisdiction to try relator for a misdemeanor as defined by §§ 316.026 and *12 316.027(1), supra, and that by entering his plea of guilty to such charge in that court relator was placed in jeopardy thereof upon acceptance of such plea.[5] Since we also think that such misdemeanor is included within the felony defined by § 316.027(2), supra, it follows that the state is now precluded from prosecuting relator on the pending felony charge, since it is but a higher degree of the "same offense."
In view whereof, the rule heretofore issued herein should be, and it is hereby, made absolute. But we are confident that in view of our holding herein respondents will take appropriate action to comply herewith so as to render unnecessary the issuance of our peremptory writ of prohibition.
HOBSON, A.C.J., and BOARDMAN, J., concur.
NOTES
[1] See, State ex rel. Manning v. Himes (1943), 153 Fla. 711, 15 So.2d 613; State ex rel. Williams v. Grayson (Fla. 1956), 90 So.2d 710; and State ex rel. James v. Williams (Fla.App. 1964), 164 So.2d 873.
[2] See, Section 6, Art. V, Constitution of Florida 1973, F.S.A.
[3] See, Coleman v. State ex rel. Jackson (1940), 140 Fla. 772, 193 So. 84.
[4] See, e.g., State v. Stiefel (Fla. 1972), 256 So.2d 581.
[5] See, e.g., Ray v. State (Fla. 1969), 231 So.2d 813.