299 So.2d 644 (1974)
STATE of Florida ex rel. Robert C. SEAL, Petitioner,
v.
Clifford B. SHEPARD, As Judge of the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, Respondent.
No. U-498.
District Court of Appeal of Florida, First District.
September 5, 1974.
Louis O. Frost, Jr., Public Defender, and Steven E. Rohan, Asst. Public Defender, for petitioner.
Robert L. Shevin, Atty. Gen., T. Edward Austin and Earl M. Barker, Jr., Jacksonville, for respondent.
PER CURIAM.
In response to Suggestion for Writ of Prohibition filed herein by relator our Rule Nisi issued to which respondent has filed a return.
The facts of this case are virtually identical to those recited in an opinion of our sister court of the Second District, State ex rel. Miller v. Patterson, Fla.App.2d 1973, 284 So.2d 9, except that in the case sub judice it is apparent that the plea of guilty entered by the relator in the County Court which resulted in his conviction and sentence there was a result of plea bargaining entered into between the assistant state attorney and the relator's court-appointed counsel. The factual situation being so similar, we see nothing to be accomplished by lengthening this opinion by meticulous recitation of the facts sub judice; but adopt the reasoning and holding of our sister court.
We have carefully read and considered all of the cases cited by respondent and it is easy to understand how he was misled thereby. However, each of those cases predated Waller v. State, Fla.App.2d 1968, 213 So.2d 623, certiorari denied by the Supreme Court of Florida, 221 So.2d 749; reversed and remanded by the Supreme Court of the United States, 397 U.S. 387, *645 90 S.Ct. 1184, 25 L.Ed.2d 435; again reconsidered by the Second District, 270 So.2d 26; certiorari denied by the Supreme Court of Florida, 276 So.2d 489; certiorari denied by the Supreme Court of the United States, with dissenting opinion, 414 U.S. 945, 94 S.Ct. 256, 38 L.Ed.2d 168. We find the Waller cases, and State ex rel. Miller v. Patterson, supra, dispositive of the issues here involved.
However, we feel one additional comment to be appropriate. As above recited, it is apparent that relator's trial and conviction in the County Court, notwithstanding that a felony charge was pending against him in the Circuit Court arising out of the identical set of circumstances, was a result of plea bargaining. It is now urged before us that jeopardy did not attach as a result of the conviction in the County Court because that court was without jurisdiction of the matter. We observe that it is manifestly unjust for the State to extract by plea bargaining a plea of guilty to a lesser included offense in a county court and then assert when the same defendant is being prosecuted in the circuit court for an offense arising out of the identical act that the county court was without jurisdiction and that therefore jeopardy did not attach as an incident to the first conviction and sentence.
The Rule Nisi heretofore issued herein is hereby made absolute; being confident however that in view of our holding herein respondent will take appropriate action to comply herewith we do not deem it necessary to issue our peremptory writ of prohibition.
It is so ordered.
SPECTOR, Acting C.J., and BOYER, J., concur.
McCORD, J., concurring specially.
McCORD, Judge (concurring specially).
Respondent cites State ex rel. Johnson v. Anderson, Fla., 37 So.2d 910 (1948) in which the Supreme Court held that prohibition would not lie to prevent the County Court of Broward County from trying a game violation case against defendant based upon identical facts for which defendant had already been tried and convicted under a different statute in the Court of Crimes of Dade County. The Supreme Court held that review could be had on appeal. Later the Supreme Court in State v. Grayson, Fla., 90 So.2d 710, held prohibition would lie where the two prosecutions were in the same court and former jeopardy was shown. In the case sub judice former jeopardy has been shown. The first conviction was in the County Court of Duval County and the prosecution here is in the Circuit Court, Duval County. The State Attorney was and is the prosecuting officer of both courts. Under the circumstances of this case, I consider prohibition will lie and defendant should not be required to again stand trial and be left to the remedy of appeal if again convicted.