PER CURIAM.
Diggs was tried in the circuit court on an information charging him with unlawfully departing the scene of an accident involving a personal injury.[1] At trial the state recognized that the statute number set forth in the information, to wit, § 316.061, was incorrect and moved to amend the statute number to § 316.027, which motion was granted by the court. The state failed to amend the body of the information to include the word “willfully” so as to make the offense a felony under § 316.027(2).[2]
The jury returned a guilty verdict and the court, assuming that Diggs had been convicted of a felony under § 316.027(2), sentenced him to six months to five years. Subsequently Diggs filed a motion to vacate and after a hearing the court vacated the original sentence and re-sentenced Diggs to one year in the county jail.
A person not charged with willfully failing to stop under these circumstances can only be convicted of a misdemeanor. State ex rel. Miller v. Patterson, Fla.App. 2nd, 1973, 284 So.2d 9.
Accordingly, the judgment and sentence on the felony charge are vacated and the cause is remanded with instructions to enter a judgment of conviction on the misdemean- or charge.
HOBSON, Acting C. J., and GRIMES and SCHEB, JJ., concur.

. He was also charged with manslaughter arising out of the same circumstances but was acquitted.

. When instructing the jury on the “material parts of this charge,” the judge also failed to include the element of willfulness.