342 So.2d 134 (1977)
Horace Billie HOLMES, Appellant (Defendant),
v.
STATE of Florida, Appellee (State).
No. DD-398.
District Court of Appeal of Florida, First District.
February 11, 1977.
Richard W. Ervin, III, Public Defender, and Theodore E. Mack, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., for appellee.
*135 MILLS, Judge.
The question raised by this appeal is whether the legislature provided a punishment for the offense of leaving the scene of an accident involving personal injury without willful intent, an included offense and a misdemeanor by court construction of Section 316.027, Florida Statutes (1975). State ex rel. Miller v. Patterson, 284 So.2d 9 (Fla. 2d D.C.A. 1973), and State v. Shepard, 299 So.2d 644 (Fla. 1st D.C.A. 1974).
Section 316.027 does not set forth a punishment [see Section 316.026(4), Florida Statutes (1975)], and the Miller case fails to state the degree of the misdemeanor or the punishment. No punishment is set forth elsewhere in the statute.
In the case before us, the court was faced with the dilemma of having to sentence a defendant convicted of a crime for which no punishment was provided. The trial court turned to Section 775.081(2), Florida Statutes (1975), which states:
"(2) Misdemeanors are classified, for the purpose of sentence and for any other purpose specifically provided by statute, into the following categories:
(a) Misdemeanor of the first degree; and
(b) Misdemeanor of the second degree. A misdemeanor is of the particular degree designated by statute. Any crime declared by statute to be a misdemeanor without specification of degree is of the second degree."
The court concluded that the offense of which the defendant was guilty was a second degree misdemeanor and sentenced him to sixty days in jail. But the last sentence of Section 775.081(2) requires that the crime be declared by statute as a misdemeanor without specification of degree in order to be classified as a misdemeanor of the second degree. This section, therefore, does not apply to this case because the crime was not declared by statute as a misdemeanor but was declared to be a misdemeanor by case law.
The courts have no authority to provide a penalty where no punishment is provided by the legislature. The judiciary can only impose penalties within the limit set by the legislature. Bradley v. State, 79 Fla. 651, 84 So. 677 (1920), and Brown v. State, 152 Fla. 853, 13 So.2d 458 (Fla. 1943).
The State's argument that Section 775.02, Florida Statutes (1975), which provides that:
"When there exists no provision by statute, the court shall proceed to punish such offense by fine or imprisonment, but the fine shall not exceed $500, nor the imprisonment 12 months."
has no merit because this section is applicable to common law offenses only. The crime of which the defendant was convicted is not a common law crime.
The defendant was convicted of a crime for which the legislature provided no punishment. The court erred in imposing a sentence on the defendant. It is the legislature's responsibility to correct this defect. We are compelled to reverse.
BOYER, C.J., and McCORD, J., concur.