360 So.2d 128 (1978)
James Rickey STANFILL, Appellant,
v.
STATE of Florida, Appellee.
No. GG-318.
District Court of Appeal of Florida, First District.
June 23, 1978.
Rehearing Denied July 25, 1978.
*129 F. Palmer Williams and Everett P. Anderson, Tallahassee, for appellant.
Robert L. Shevin, Atty. Gen., George R. Georgieff, Asst. Atty. Gen., and Doris E. Jenkins, Legal Assistant, for appellee.
PER CURIAM.
By this appeal we are required to construe section 316.027(1) and (2), Florida Statutes 1975, in the light of State ex rel. Miller v. Patterson, 284 So.2d 9 (Fla.App. 2 1973); State ex rel. Seal v. Shepard, 299 So.2d 644 (Fla.App. 1 1974); Diggs v. State, 334 So.2d 333 (Fla.App. 2 1976); Holmes v. State, 342 So.2d 134 (Fla.App. 1 1977) and other relevant statutes and rules which will be hereinafter discussed.
By grand jury indictment appellant was charged with one count of manslaughter and three counts of unlawfully leaving the scene of an accident which resulted in the death of one person and injuries to two others. At trial, following voir dire, selection and swearing of the jury, the defense counsel brought to the attention of the trial judge an alleged inconsistency in the state's position, urging that whereas counts two through four of the indictment charged the defendant with "unlawfully" leaving the scene of an accident the state was apparently preparing to try him for "willfully" leaving the scene. The state responded that the attack on the indictment was untimely.
It was the defendant's position in the trial court, and his position on this appeal, that Fla.R.Crim.P. 3.140(o) as well as Rule 3.190(c) are inapplicable for the reason that, appellant contends, said counts of the indictment do indeed contain a valid charge, viz: a misdemeanor, but that they do not *130 charge a felony. In his brief, referring to Rule 3.140(o), appellant states: "This rule does not apply to the instant indictment. Defendant will cheerfully concede that the indictment contains no defects or variance. It is entirely proper as to form. Further, it is entirely proper as to substance. The fact the indictment charges a substantive crime that happens to be a misdemeanor, and not a felony, is not by any stretch of the imagination a `defect or variance' contemplated by Rule 3.140(o)." Referring to Rule 3.190(c), appellant continues: "This rule provides in substance that motions to dismiss an indictment must be made before the jury is impaneled, if waiver is to be avoided. Like the previously discussed rule, however, it has no application to the case at bar. This is so because the indictment is plainly sufficient on its face  sufficient to state a misdemeanor and a misdemeanor only. Hence, the indictment could have withstood a pretrial motion to dismiss. Were the indictment defective on its face, this rule would require defense counsel (on pain of waiver) to attack the deficiency prior to the jury being impaneled. But here, the only `deficiency' was the state's failure to charge defendant with a more severe crime than the facts arguable warranted. The law does not require defense counsel, either before or after impaneling of the jury, to advise the state on how to try its case", citing as authority this court's opinion in State v. Ansley, 349 So.2d 837 (Fla. 1st DCA 1977).
We are faced therefore squarely with the query as to whether an indictment charging a driver with "unlawfully", as distinguished from "willfully", violating F.S. 316.027 charges a misdemeanor or whether it defectively charges a felony. By the verbiage of his brief, appellant urges that it charges a misdemeanor while apparently conceding that if it defectively charges a felony then the defect was waived and cured by the application of the above mentioned Rules of Criminal Procedure.
The issue is brought into focus in this case by the fact that, over the objection of the defendant, the trial judge charged the jury that it is a crime for the driver of a vehicle involved in an accident resulting in injury to, or death of, a person to "willfully" fail to stop at the scene of the accident. The trial judge did not instruct the jury that a misdemeanor is a lesser included offense provided in F.S. 316.027.
The first count of the indictment, charging manslaughter, was nol. prosed. and the defendant was found guilty on the three counts of willfully failing to stop at the accident scene. It is from the judgment rendered on that verdict, and the resulting sentence, from which this appeal emanates.
F.S. 316.027 provides as follows:
"(1) The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop such vehicle at the scene of the accident, or as close thereto as possible, and shall forthwith return to, and in every event shall remain at the scene of, the accident until he has fulfilled the requirements of s. 316.062.
"(2) Any person willfully failing to stop or to comply with the requirements of subsection (1) under such circumstances is guilty of a felony and, upon conviction, shall be punished by imprisonment in the state penitentiary for not more than 1 year or by fine of not more than $5,000 or by both such fine and imprisonment."
Our sister court of the Second District in State ex rel. Miller v. Patterson, supra, a prohibition proceeding, squarely and unequivocally held that F.S. 316.027(1) proscribes conduct the violation of which is a misdemeanor and that the violation of F.S. 316.027(2) constitutes a felony.
Reciting that "[t]he facts of this case are virtually identical to those recited in an opinion of our sister court of the Second District, State ex rel. Miller v. Patterson" we, in State ex rel. Seal v. Shepard, supra, also a prohibition proceeding, adopted the reasoning and conclusions of that case.
Again, in Diggs v. State, supra, the Second District Court of Appeal, citing State ex rel. Miller v. Patterson, supra, held that an information charging a violation of F.S. 316.027 but which did not recite the *131 word "willfully" charged a misdemeanor, saying: "A person not charged with willfully failing to stop under these circumstances can only be convicted of a misdemeanor."
In Holmes v. State, supra, this court considered a related problem, viz: Whether a person convicted of leaving the scene of an accident involving personal injury without willful intent, held to have been a misdemeanor by virtue of the cases hereinabove mentioned, could be punished therefor. Judge Mills, writing for the court, noted that "the crime was not declared by statute as a misdemeanor but was declared to be a misdemeanor by case law.", concluding that the legislature had provided no punishment and that therefore the court could impose no sentence.
Our study and consideration of the pending appeal has guided us to a further examination of the "Florida Traffic Control Law", Chapter 316, F.S., 1975, as well as Chapter 775, F.S., 1975, embracing the "Florida Criminal Code".
In such pursuit, our attention focuses upon F.S. 775.08 "Classes and Definition of Offenses". Of special interest is a portion thereof, viz:
"When used in the laws of this state:
* * * * * *
(2) The term `misdemeanor' shall mean any criminal offense that is punishable under the laws of this state, or that would be punishable if committed in this state, by a term of imprisonment in a county correctional facility, except an extended term, not in excess of 1 year. The term `misdemeanor' shall not mean a conviction for any violation of any provision of chapter 316 or any municipal or county ordinance." (emphasis supplied)
Clearly and without equivocation, that language eliminates an answer that a misdemeanor charge is encompassed within subsection (1) of F.S. 316.027.
Further enlightenment may be found in Section 316.026(4), F.S., 1975, Penalties. It is noted that the penalty for violation of F.S. 316.027 is as provided in subsection (4) of Section 316.026. The punishment is a felony, not a misdemeanor.
The legislature is presumed to know existing law when enacting statutes. 30 Fla.Jur., Section 110.
In order to properly construe F.S. 316.027(1) and (2) that statute must be scrutinized along with, and side by side by, F.S. 316.026(4) and F.S. 775.08(2), and in pari materia with them.
Our reasoned judgment is that the legislature, in drafting and passing F.S. 316.027, never intended by the first two subsections to create two crimes, a misdemeanor by subsection (1) and a felony in subsection (2). What the legislature intended to condemn and, indeed, did condemn, was "willfully" leaving the scene of an accident involving death or injury to a person. The division of the statute into subsections (1) and (2) was purely incidental to the enactment of the statute. Subsections (1) and (2) of the Statute charges one crime, a felony.
We must therefore, and do, respectfully disagree with our sister court of the Second District in State ex rel. Miller v. Patterson, supra, and in Diggs v. State, supra, and recede from our holding in State ex rel. Seal v. Shepard. Our holding in Holmes v. State, supra, that a court is without authority to impose a sentence upon a defendant who has been convicted of a crime for which the legislature provides no punishment is correct. That opinion is also correct in recognizing and acknowledging that it was not the legislature but the courts which declared F.S. 316.027(1) to proscribe a misdemeanor. However, in so far as that opinion might be construed as being in conflict herewith, we also recede therefrom.
Sub judice, the three challenged counts of the indictment charged, albeit defectively, felonies. No timely attack was made thereon and neither the record nor the brief support any contention that the indictment "is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the *132 same offense" (Fla.R.Crim.P. 3.140(o)) nor that relief may be found in Fla.R.Crim.P. 3.190(c).
AFFIRMED.
McCORD, C.J., BOYER, J., and McLANE, RALPH M., Associate Judge, concur.