MELVIN, Judge.
Appellant-defendant appeals from the judgment and sentence imposed upon him for leaving the scene of an accident with injury or death. Defendant contends that he stands convicted of a misdemeanor for which no punishment is provided by law.
Information alleged that defendant:
“. . . the driver of a vehicle involved in an accident resulting in . injury or death . . ., unlawfully and willfully failed to remain at the scene of the accident or to otherwise comply with the provisions of Section 316.062, Florida Statutes, contrary to the provisions of Section 316.027(1) and 316.027(2), Florida Statutes.”
Following a jury trial, the jury returned a form verdict which recited the following: “We, the jury, find the defendant guilty of leaving the scene of accident resulting in death or injury.” Judgment of guilt was entered for the offense of “leaving scene of accident with injury or death” and a sentence .of one year imprisonment was imposed.
Defendant contends that the jury verdict found him guilty of a misdemeanor under Section 316.027(1), Florida Statutes, since the verdict failed to make the specific finding of willfulness necessary to constitute the felony offense under Section 316.027(2), Florida Statutes. Accordingly, defendant urges that the trial court was without authority to impose a sentence upon him. Defendant relies upon State ex rel. Miller v. Patterson, 284 So.2d 9 (Fla.2d DCA 1973); State ex rel. Seal v. Shepard, 299 So.2d 644 (Fla.1st DCA 1973); and Holmes v. State, 342 So.2d 134 (Fla.1st DCA 1977). We find defendant’s contentions without merit.
Stanfill v. State, 360 So.2d 128 (Fla.1st DCA 1978), held that Sections 316.-027(1) and (2), Florida Statutes, proscribe only one offense, viz., willfully leaving the scene of an accident involving death or injury to a person, and further that such offense is a felony. Stanfill v. State, supra, receded from this court’s holding in State ex rel. Seal v. Shepard, supra, which had adopted the reasoning of State ex rel. Miller v. Patterson, supra.
It is clear that the verdict rendered is defective in that it failed to contain the essential element of “willfulness” set forth in Sections 316.027(1) and (2), Florida Statutes. There is no doubt, however, that the jury intended to find the defendant guilty of the felony charge of willfully leaving the scene of an accident resulting in death or injury. The information properly charged defendant with willfully leaving such scene. Pursuant to an agreement between the parties, there was no instruction given on any *462 lesser included offenses.[1] The jury was instructed that “willfulness” was an essential element of the offense.
At the conclusion of the jury charge conference, the court inquired of defense counsel:
“THE COURT: . . . Have I omitted anything?
MR. PIERCE: No, Your Honor.
THE COURT: Anything in addition that you wish, or do you wish to recite anything that you object to, Mr. Pierce?
MR. PIERCE: No, Your Honor.”
Thereafter, the court submitted to counsel for the state and the defendant the proposed verdict forms and asked if such forms were acceptable. Counsel for the state replied in the affirmative and counsel for the defendant advised the court that the forms were acceptable. The verdict forms, apparently prepared by a court official, reflected the following:
“-We, the jury, find the defendant NOT GUILTY.
“-We, the jury, find the defendant GUILTY OF LEAVING THE SCENE OF ACCIDENT RESULTING IN DEATH OR INJURY.”
Although the verdict forms were defective, defendant not only failed to enter an objection thereto at trial but also expressed his agreement to its submission. Any verdict form error was, therefore, invited error. His complaint post verdict is out of season.
The defendant first expressed his displeasure with the verdict in his motion for a new trial, as follows: “1. That the verdict is contrary to law or the weight of the evidence.” This shotgun type blast at the sufficiency of a verdict while employing the verbiage of Fla.R.Crim.P. 3.600(a)(2) does not, with any specificity, direct the attention of the court to any particular subject as to which correction is desired.
In Richardson v. State, 345 So.2d 380 (Fla.3d DCA 1977), the court considered a challenge to the sufficiency of the form of a verdict in a prosecution for receiving or 'concealing stolen property knowing it to have been stolen, and ruled:
“The point claiming error in the form of the verdict was not preserved for appeal because the defendant not only failed to object to the form of the verdict but also actually agreed to its submission.” (Cite omitted)
In Kirkland v. State, 357 So.2d 766 (Fla.1st DCA 1978), the appellant challenged the legal sufficiency of the verdict and judgment based thereon in that the same failed to state that defendant had knowledge that the property was stolen at the time that he received it. In disposing of this claimed error, the court at 767 ruled:
“The cases establish that defects in the form of the verdict, such as in this case, are waived on failure to object at some point during the trial proceedings.” (Cites omitted)
We have examined the evidence and find that the same is legally sufficient to support a verdict and judgment of guilt as to the charge of willfully leaving the scene of an accident resulting in injury or death.
The judgment, which must conform to the verdict, is defective in the same particular. Accordingly, the judgment is reversed and remanded with directions to the trial court to enter a proper judgment. The defendant need not be present for such purpose.
MILLS, Acting C. J., and ERVIN, J., concur.

. It is now clear that Section 316.027(1) is not a lesser included offense of the charge. Stanfill v. State, supra.