Frederick Fernez Chief of Police Indian Harbour Beach
QUESTION:
Is violation of s. 316.650(4), F. S., a criminal act?
SUMMARY:
The violation of the provisions of s. 316.650(4), F. S., prohibiting disposal of traffic citations, or copies thereof, or the record of the issuance thereof, in a manner contrary to the requirements of s. 316.650, F. S., by traffic enforcement officers of other public officers or employees is not made a criminal act by any provision of the Uniform Traffic Control Law. Such violations are specifically made infractions by s. 316.655, F. S., punishable by the civil penalties provided therein.
Section 839.24, F. S., penalizing certain officers for failure to perform duties required of them under the criminal procedure law (Chs. 900-925, F. S.) is not applicable to violations of s.316.650(4), F. S.
The Department of Legal Affairs is not empowered to rule on the validity of s. 839.25(1)(a) and (b), F. S., purportedly proscribing official misconduct by public servants, as therein defined, or to make findings of fact as to the elements of corrupt intent and criminal knowledge required for prosecution and conviction thereunder.
Whether violations of the provisions of s. 316.650, F. S., constitute criminal offenses within the purview of ss. 839.13 and 839.25, F. S., and meet the prerequisite element of criminal knowledge thereunder are mixed questions of fact and law which must be adjudicated or determined on a case-by-case basis by the local prosecuting officials and the courts. The Department of Legal Affairs has no authority or capacity to serve as a fact-finding forum in such matters.
Section 316.650, F. S., provides:
 (1) The department shall prepare, and supply to every traffic enforcement agency in this state, an appropriate form traffic ticket containing a notice to appear which shall be issued in prenumbered books with citations in quadruplicate and meeting the requirements of this chapter.
 (2) Every traffic enforcement officer, upon issuing a traffic citation to an alleged violator of any provision of the motor vehicle laws of this state or of any traffic ordinance of any city or town, shall deposit the original and one copy of such traffic citation with a court having jurisdiction over the alleged offense or with its traffic violations bureau.
 (3) Upon the deposit of the original and one copy of such traffic citation with a court having jurisdiction over the alleged offense or with its traffic violations bureau as aforesaid, the original or copy of such traffic citation may be disposed of only by trial in the court or other official action by a judge of the court, including forfeiture of the bail, or by the deposit of sufficient bail with or payment of a fine to the traffic violations bureau by the person to whom such traffic citation has been issued by the traffic enforcement officer.
 (4) It is unlawful and official misconduct for any traffic enforcement officer or other officer or public employee to dispose of a traffic citation or copies thereof or of the record of the issuance of the same in a manner other than as required herein.
 (5) The chief administrative officer of every traffic enforcement agency shall require the return to him of a copy of every traffic citation issued by an officer under his supervision to an alleged violator of any traffic law or ordinance and of all copies of every traffic citation which has been spoiled or upon which any entry has been made and not issued to an alleged violator.
 (6) The chief administrative officer shall also maintain or cause to be maintained in connection with every traffic citation issued by an officer under his supervision a record of the disposition of the charge by the court or its traffic violations bureau in which the original or copy of the traffic citation was deposited.
 (7) Every chief administrative officer shall submit on or before the first day of each month a copy of the traffic citations to the Department of Highway Safety and Motor Vehicles.
 (8) Such citations shall not be admissible evidence in any trial. (Emphasis supplied.)
This statute does not by its terms designate or define the unlawful disposal of traffic citations or copies thereof as a criminal offense, nor does it expressly provide any criminal penalties for violation thereof. For an act to be considered criminal, it is necessary that it be clearly so defined in the statutes. Unless the Legislature clearly makes an act criminally punishable by statute, that act, no matter how wrongful, cannot be considered a crime. Bradley v. State, 84 So. 677 (1920); Holmes v. State, 342 So.2d 134 (1 D.C.A. Fla., 1977). The absence of express language designating violations of s. 316.650(4), F. S., by administrative or enforcement officers or other officers or employees as crimes, and prescribing criminal penalties for violations, clearly indicates that such violations are not criminal offenses or criminally punishable.
Moreover, the Legislature has provided in s. 316.655, F. S., that a violation of any of the provisions of Ch. 316, F. S., except criminal offenses enumerated in subsection (4) thereof, shall be deemed an infraction, as defined in s. 318.13(3), F. S. This latter provision defines `infraction' to mean a noncriminal violation which is not punishable by incarceration and for which there is no right to a trial by jury or a court-appointed counsel. The criminal offenses enumerated in subsection (4) of s. 316.655, F. S., do not include violations of s. 316.650(4), F. S. I therefore conclude that violations of s. 316.650(4) must be deemed noncriminal violations or infractions punishable by civil penalties as provided in ss. 316.655 and 318.13.
Your inquiry directs my attention to ss. 839.13, 839.24, and 839.25, F. S., which are criminal statutes relating generally to offenses by public officers and employees and others. Section 839.25 relates to official misconduct by public servants and provides as follows:
 (1) `Official misconduct' means the commission of one of the following acts by a public servant, with corrupt intent to obtain a benefit for himself or another or to cause unlawful harm to another.
 (a) Knowingly refraining, or causing another to refrain, from performing a duty imposed upon him by law; or
 (b) Knowingly falsifying, or causing another to falsify, any official record or official document; or
 (c) Knowingly violating, or causing another to violate, any statute or lawfully adopted regulation or rule relating to his office.
 (2) `Corrupt' means done with knowledge that act is wrongful and with improper motives.
 (3) Official misconduct under this section is a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. (Emphasis supplied.)
The Florida Supreme Court has held that s. 839.25(1)(c), F. S., is unconstitutional under the due process guarantees of the federal and state constitutions, in that it is too vague to give persons of common intelligence sufficient notice as to what conduct is outlawed, and is susceptible to arbitrary application. State v. DeLeo, 356 So.2d 306, 308 (Fla. 1978). The court also ruled that subsection (2) of the statute, defining the term `corrupt' and establishing a standard of scienter or criminal knowledge necessary to support a criminal prosecution under the statute, did not cure the deficiency.
The Supreme Court did not rule on the constitutionality of subsection (1)(a) and (b) of s. 839.25, F. S., and this office has no power to determine that issue. The `corrupt intent' element of the offenses proscribed by those provisions is the same, however, as that found unconstitutionally vague in conjunction with subsection (1)(c), and the court may well apply the same principles in ruling on subsection (1)(a) and (b) if that issues is presented to the court for determination. Assuming arguendo
that paragraphs (a) and (b) of subsection (1) are valid, however, a municipal traffic enforcement officer or other municipal officer or employee charged under those provision must also be shown to have acted `with corrupt intent to obtain a benefit for himself or another or to cause unlawful harm to another.'
Section 316.650(4), F. S., does not include any comparable element of corrupt intent or guilty knowledge, and does not expressly criminalize or prescribe criminal penalties for violations of s.316.650, F. S. The determination of such matters and the prerequisite `corrupt intent' or guilty knowledge must be done on a case-by-case basis, and that determination is the province of the prosecuting officials and the court. This office is not a fact-finding agency and is without authority or capacity to adjudicate or determine such matters.
Section 839.24, F. S., provides as follows:
 A sheriff, county court judge, prosecuting officer, court reporter, stenographer, interpreter, or other officer required to perform any duty under the criminal procedure law
who willfully fails to perform his duty shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083. (Emphasis supplied.)
Under the rule of statutory construction ejusdem generis there is at least reasonable doubt that the phrase `or other officer' in the context of this statute would apply to a `traffic enforcement officer or public employee' under s. 316.650(4), F. S. The rule of construction requires that this general language, `or other officer,' be limited to things in the same genus or class as the enumerated specific persons or things mentioned in the statute.See Van Pelt v. Hilliard, 78 So. 693 (1918). Consequently, it would appear that this statute applies only to officers in the same category as, or performing functions similar to, those officers enumerated in the statute.
Moreover, s. 316.650, F. S., is not the `criminal procedure law' to which s. 839.24, F. S., makes reference, nor is a municipal traffic enforcement officer or employee acting under the former statute performing, or required by terms thereof to perform, a duty under the `criminal procedure law.' The `criminal procedure law' is Chs. 900-925, F. S. See s. 900.01, F. S. For these reason, I conclude that s. 839.24 is inapplicable to alleged violations of s. 316.650(4), F. S.
Section 839.13, F. S., defines offenses relating to public records. The statute provides, in pertinent part, that it is unlawful to `steal, embezzle, alter, corruptly withdraw, falsify or avoid any record, process . . . or any paper filed in anyjudicial proceeding in any court of this state.' (Emphasis supplied.) The statute also makes it unlawful `knowingly andwillfully [to] take off, discharge or conceal any issue, forfeited recognizance, or other forfeiture, or other paper abovementioned.' (Emphasis supplied.) The statute further makes it unlawful `fraudulently [to] alter, deface, or falsify any minutes, documents, books, or any proceedings whatever of or belonging to any public officer within this state.' (Emphasis supplied.) Violation of the statute is punishable as a first degree misdemeanor.
Whether individual acts or omissions which constitute violations of s. 316.650, F. S., are criminal acts or offenses within the purview of s. 839.13, F. S., and whether the prerequisite element of criminal knowledge or corrupt or fraudulent intent existed at the time of such violations are mixed questions of fact and law which this office is without authority to adjudicate or determine. Such matters must be determined on a case-by-case basis by local prosecuting officials and the courts. This office is therefore unable to render any opinion as to the application of this criminal statute to unestablished facts (or acts or omissions) relating to any alleged disposition of traffic citations in a manner inconsistent with s. 316.650.
Prepared by: David K. Miller, Assistant Attorney General