384 So.2d 141 (1980)
James Rickey STANFILL, Petitioner,
v.
STATE of Florida, Respondent.
No. 54771.
Supreme Court of Florida.
April 3, 1980.
Rehearing Denied June 24, 1980.
F. Palmer Williams and Everett P. Anderson of Pennington & Wilkinson, Tallahassee, for petitioner.
Jim Smith, Atty. Gen., and Miguel A. Olivella, Jr., Asst. Atty. Gen., Tallahassee, for respondent.
SUNDBERG, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, First District, in Stanfill v. State, 360 So.2d 128 (Fla. 1st DCA 1978), holding that section 316.027, Florida Statutes (1975), creates but a single crime, that being the felony of "willfully" leaving the scene of an accident. This decision conflicts with the decisions in State v. Patterson, 284 So.2d 9 (Fla.2d DCA 1973), and Diggs v. State, 334 So.2d 333 (Fla.2d *142 DCA 1976), which hold that section 316.027 creates two crimes, the misdemeanor of "unlawfully" leaving the scene and the felony of "willfully" leaving. We resolve this conflict by adopting the first district's holding that section 316.027 creates but one crime, a felony. We further hold that the indictment in this case was defective and prevented petitioner from properly preparing his defense.
Petitioner, James Rickey Stanfill, was charged by indictment with one count of manslaughter and three counts of "unlawfully" leaving the scene of an accident involving death or personal injury, in violation of section 316.027, Florida Statutes (1975).[1] At trial, following the impanelling of the jury, Stanfill brought to the court's attention an alleged inconsistency in the state's position. He argued that, although the indictment charged him with "unlawfully" leaving the scene of an accident, a misdemeanor under then existing case law, the state was apparently preparing to try him for "willfully" leaving the scene, a felony.[2] Acknowledging that the indictment charged a crime, Stanfill argued that he could not be tried for the felony of "willfully" leaving the scene because the indictment only charged "unlawful" leaving. Relying on Florida Rules of Criminal Procedure 3.140(o) and 3.190(c),[3] the state responded that Stanfill's attack on the indictment was untimely. Stanfill replied that these rules were inapplicable because the indictment contained a valid charge.
The trial judge, rejecting Stanfill's argument, allowed the state to prosecute for felony violation of section 316.027. Over Stanfill's objection, the trial judge charged the jury that it is a crime for the driver of a vehicle involved in an accident resulting in injury to, or death of, a person to "willfully" fail to stop at the scene of the accident. The trial judge did not instruct the jury that unlawfully leaving the scene of the accident is a lesser included misdemeanor offense provided for in section 316.027. The jury found Stanfill guilty on three counts of "willfully" failing to stop. He was adjudged guilty on one count and sentenced to a term of one year in the state prison. Adjudication was withheld on the other two counts.
*143 On appeal, the District Court of Appeal, First District, was presented with the question of whether an indictment charging a driver with "unlawfully," as distinguished from "willfully," violating section 316.027, charges a misdemeanor, as Stanfill contended, or whether it defectively charges a felony, and, if it does defectively charge a felony, whether this defect was waived and cured by the application of Florida Rules of Criminal Procedures 3.140(o) and 3.190(c). Receding from its previous decisions in State v. Shepard, 299 So.2d 644 (Fla. 1st DCA 1974), and Holmes v. State, 342 So.2d 134 (Fla. 1st DCA 1977), the first district rejected the "unlawful-willful" distinction and held that section 316.027 creates but a single crime, that being a felony. The district court based its decision on the language contained in two other related statutes, section 775.08(2) and section 316.026(4), which it read in conjunction with section 316.027.[4] The district court reasoned that, in enacting section 316.027, the legislature never intended, by the first two subsections, to create two crimes, a misdemeanor by subsection (1) and a felony in subsection (2), and that the legislature intended to condemn "willful" leaving. The first district affirmed Stanfill's conviction, concluding that the indictment, by using "unlawful," charged defective felonies but that the failure by Stanfill to attack these counts prior to trial, pursuant to Florida Rules of Criminal Procedure 3.140(o) and 3.190(c), constituted a waiver of the defect and cured the indictment.
Stanfill concedes that the district court's construction of section 316.027, as charging but one crime, is correct and that the decisional conflict should be resolved by our adopting this construction. He contends, however, that Florida Rules of Criminal Procedure 3.140(o) and 3.190(c) are not applicable because the indictment is defective in that it fails to allege "willful." The state argues that the district court's construction of section 316.027 is correct, but it maintains that the district court was also correct in holding that the defect was waived and that the indictment was cured pursuant to Florida Rules of Criminal Procedure 3.140(o) and 3.190(c).
The first district's construction of section 316.027 is correct, and we hold that section 316.027 creates only the felony of "willfully" leaving the scene of an accident. When sections 775.08(2) and 316.026(4) are read together with section 316.027, it is obvious that, in enacting section 316.027, the legislature never intended to create a misdemeanor by subsection (1). Accordingly, we approve the first district's construction of section 316.027 and disapprove the decisions in State v. Patterson, State v. Shepard, Diggs v. State, and Holmes v. State to the extent that they hold to the contrary.
But what is the effect of the state's failure to allege a "willful" leaving of the scene? We conclude that the charging document in this case was so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense. See Fla.R.Crim.P. 3.140(o). The indictment alleged that Stanfill "unlawfully" left the scene of an accident. As noted previously, several decisions of the district courts of appeal, including the District Court of Appeal, First District, unequivocally held that use of the term "unlawfully" in an information charged a misdemeanor pursuant to section 316.027(1), while use of the term "willfully" charged a felony pursuant to section 316.027(2). The decisions of the district courts of appeal represent the law of Florida unless and until they are overruled by this Court,[5] hence petitioner did not act unreasonably in relying upon them. It follows, then, that petitioner did not waive his right to challenge the indictment under Florida Rules of Criminal Procedure 3.140(o) and 3.190(c). *144 At the time petitioner was charged with a crime, counts II, through IV, of his indictment contained valid charges of a misdemeanor. It was only at trial that it became apparent that the state was pursuing a felony conviction under section 316.027(2). To hold that petitioner should have challenged his indictment before that time would be tantamount to holding that petitioner should have foreseen our disapproving the district court decisions construing section 316.027. This we will not do.
For these reasons we remand this cause to the District Court of Appeal, First District, with directions that the felony judgment and sentence be vacated, and the cause be further remanded to the trial court to enter a judgment of conviction of a misdemeanor and to impose sentence accordingly. See Diggs v. State, 334 So.2d 333 (Fla.2d DCA 1976).
It is so ordered.
ENGLAND, C.J. and ADKINS and McDONALD, JJ., concur.
OVERTON, J., concurs in part and dissents in part with an opinion.
ALDERMAN, J., concurs in part and dissents in part with an opinion, with which BOYD, J., concurs.
BOYD, J., dissents.
OVERTON, Justice, concurring in part, dissenting in part.
I concur with the majority holding that section 316.027, Florida Statutes (1975), creates but one offense, a felony. I dissent from the remand to sentence for a misdemeanor that we have just held is nonexistent. I would remand for a new trial for the felony offense as the majority has defined it.
ALDERMAN, Justice, concurring in part, dissenting in part.
I concur with that part of the majority opinion holding that section 316.027, Florida Statutes (1975), creates but a single crime, that being the felony of "willfully" leaving the scene of an accident. I dissent, however, from the paradoxical conclusion of the majority opinion that remands this cause with directions that Stanfill's felony judgment and sentence be vacated and that the trial court enter a judgment of conviction of a misdemeanor and impose sentence accordingly.
How can this Court direct the trial court to adjudge Stanfill guilty of a misdemeanor in violation of section 316.027 and at the same time hold that this section creates but a single crime, a felony. Stanfill is either guilty of a felony, or he is guilty of nothing. He cannot be sentenced for a crime that does not exist.
What is the effect of the State's failure to allege a "willful" leaving of the scene. Stanfill argues that willfulness is an essential element of the crime proscribed by section 316.027 and that failure to allege willfulness rendered the indictment fundamentally defective. I reject this argument. It cannot be said that this indictment wholly fails to charge a violation of section 316.027 because it does allege that Stanfill "unlawfully" left the scene of an accident. The only way under this statute that he could have unlawfully left the scene was to have willfully left the scene. In other words, the allegation of unlawfulness includes an implied allegation of willfulness. The allegation that Stanfill "unlawfully" left the scene of an accident is not so vague, indistinct, and indefinite as to mislead the accused and embarrass him in the preparation of his defense or to expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.
Even if the indictment is in some manner technically defective (in my opinion, it is not), any such non-fundamental defect was subject to waiver under Florida Rule of Criminal Procedure 3.190(c), if not raised in a timely motion. Stanfill did not challenge the legal sufficiency of the indictment until after the impanelling of the jury.
Accordingly, I would deny the writ.
BOYD, J., concurs.
NOTES
[1] Section 316.027, Florida Statutes (1975), provides in pertinent part:

(1) The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop such vehicle at the scene of the accident, or as close thereto as possible, and shall forthwith return to, and in every event shall remain at the scene of, the accident until he has fulfilled the requirements of s. 316.062.
(2) Any person willfully failing to stop or to comply with the requirements of subsection (1) under such circumstances is guilty of a felony and, upon conviction, shall be punished by imprisonment in the state penitentiary for not more than 1 year or by fine of not more than $5,000 or by both such fine and imprisonment.
[2] At the time of Stanfill's indictment and trial, several cases had held that the use of "unlawfully" charged a misdemeanor pursuant to section 316.027(1), while the use of "willfully" charged a felony pursuant to section 316.27(2). See State v. Patterson, 284 So.2d 9 (Fla.2d DCA 1973); State v. Shepard, 299 So.2d 644 (Fla. 1st DCA 1974); Diggs v. State, 334 So.2d 333 (Fla.2d DCA 1976); and Holmes v. State, 342 So.2d 134 (Fla. 1st DCA 1977).
[3] Florida Rules of Criminal Procedure 3.140(o) and 3.190(c) provide:

3.140(o) Defects and Variances. No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.
3.190(c) Time for Moving to Dismiss. Unless the court grants him further time, the defendant shall move to dismiss the indictment or information either before or upon arraignment. The court in its discretion may permit the defendant to plead and thereafter to file a motion to dismiss at a time to be set by the court. Except for objections based upon fundamental grounds, every ground for motion to dismiss which is not presented by a motion to dismiss within the time hereinabove provided for shall be taken to have been waived.
[4] Section 775.08(2) provides that the term "misdemeanor" does not mean a conviction for any violation of any provision of chapter 316, and section 316.026(4) provides that the penalty for violating section 316.027 is a felony.
[5] See Johns v. Wainwright, 253 So.2d 873 (Fla. 1971); Ansin v. Thurston, 101 So.2d 808 (Fla. 1958).