450 So.2d 563 (1984)
Gary McKEE, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-1609.
District Court of Appeal of Florida, Third District.
May 8, 1984.
Rehearing Denied June 11, 1984.
Bennett H. Brummer, Public Defender, and Rory S. Stein, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and William P. Thomas, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HUBBART and NESBITT, JJ.
NESBITT, Judge.
Defendant was charged with: (1) battery on a law enforcement officer; (2) possession of marijuana; (3) resisting arrest with violence; (4) attempted second degree murder; and (5) possession of a firearm during the commission of a felony, to wit: attempted second degree murder. He was acquitted of attempted second degree murder and found guilty of the remaining counts. The issue on appeal is whether the verdict of guilty on the firearm charge is inconsistent with the not guilty verdict on the charge of attempted second degree murder.
In support of his position, the defendant relies on Redondo v. State, 403 So.2d 954 (Fla. 1981) wherein the supreme court concluded that: "A conviction for unlawful possession of a firearm during the commission of a felony must stand or fall in conjunction with the underlying felony." 403 So.2d at 956. However, as later explained in Pitts v. State, 425 So.2d 542 (Fla. 1983), a conviction of possession of a firearm during the commission of a felony is not inconsistent with the acquittal on the felony charge where the jury could have concluded that the possession occurred in the attempt to commit the felony and the jury was not charged on attempt.
Here, the defendant was charged with attempted second degree murder and possession of a firearm during the commission of an attempted second degree murder. Unlike Pitts, the occurrence of an attempted second degree murder was a prerequisite to a finding of guilt on the firearm *564 possession charge. Thus, applying the Redondo rationale, and nothing more, the solution seems obvious. Not so, however, because the state argues that under the facts presented the defendant is estopped from advancing the claim of inconsistent verdicts. We agree.
In accordance with Florida Standard Jury Instruction (Criminal) 2.08(a), and without objection, the jury was charged as follows:
A separate crime is charged in each count of the Information. While they have been tried together, each crime and the evidence applicable to it must be considered separately. A separate verdict has to be returned as to each count. Finding the defendant either guilty or not guilty as to one crime does not affect your verdict as to the other crimes charged.
Having fully received the benefits of the jury considering and weighing the evidence against the defendant on each count as if it were contained in a separate information, the defendant now complains that the jury erred in returning a verdict of guilt on one charge and no guilt on another. It is axiomatic that a party will not be allowed to maintain inconsistent positions in the course of litigation. McPhee v. State, 254 So.2d 406 (Fla. 1st DCA 1971).[1] Since the defendant not only failed to object to the instructions, but also expressed his agreement to its submission, we find that he is estopped to complain now that the jury has followed the instruction. Perry v. State, 362 So.2d 460 (Fla. 1st DCA 1978) (where defendant not only failed to object to defective verdict form at trial, but also agreed to its submission, any error was invited). As was most aptly stated by Judge Schwartz in McCray v. State, 397 So.2d 1229, 1231, n. 4 (Fla. 3d DCA 1981), approved, 425 So.2d 1 (Fla. 1983):
Moreover, we confess to a certain satisfaction in applying this presumption [that the jury acted in accordance with the law] to McCray, whose argument basically is, after all, that because the jury charitably gave him the appetizer and main course, he is legally entitled to dessert and coffee. We do not think a defendant should be heard to make such a demand, let alone receive an affirmative answer. (citation omitted)
Accordingly, the judgment appealed from is affirmed.
NOTES
[1] See also Hodkin v. Perry, 88 So.2d 139 (Fla. 1956); United Contractors, Inc. v. United Construction Corp., 187 So.2d 695 (Fla. 2d DCA 1966).