249 So.2d 707 (1971)
HOME FEDERAL SAVINGS AND LOAN ASSOCIATION OF PALM BEACH, Appellant,
v.
James J. ENGLISH and Van P. English, His Wife, et al., Appellees.
No. 70-1035.
District Court of Appeal of Florida, Fourth District.
June 25, 1971.
*708 Peter Van Andel, of Gunster, Yoakley, Criser, Stewart & Hersey, Palm Beach, for appellant.
Gene Moore, III, of Griffith & Moore, Boynton Beach, for appellees-Stroshein.
W. Robert Fokes, Tallahassee, as amicus curiae.
John T. Allen, Jr., of Harrison, Greene, Mann, Davenport, Rowe & Stanton, St. Petersburg, as amicus curiae.
REED, Judge.
This is an appeal by Home Federal Savings and Loan Association of Palm Beach from a final judgment of the Circuit Court for Palm Beach County, Florida, which dismissed with prejudice a complaint to foreclose a mortgage.
The complaint alleged that the plaintiff, Home Federal, had loaned Robert J. Lynch and Mary M. Lynch, his wife, $27,500.00 on 13 August 1958. The loan had been secured by a mortgage a copy of which was attached to the complaint. The mortgage provided for the payment of monthly installments of principal and interest. The mortgage also contained the following pertinent provisions:
* * *
"9. If a conveyance should be made by the Mortgagor of the premises herein described, or any part thereof, without the written consent of the Mortgagee, and without assumption in regular form of law by the grantee of the obligation to the Mortgagee created by said promissory note and this mortgage, then, and in that event, and at the option of the Mortgagee, and without notice, all sums of money secured hereby shall immediately and concurrently with such conveyance become due and payable and in default."
The mortgage defined the term "Mortgagor" to include not only the person who executed the mortgage, but all subsequent grantees of the property covered by the mortgage.
The complaint alleged that by virtue of mesne conveyances, title to the mortgaged real property became vested in James J. English and Van P. English, his wife, who on 13 January 1970 conveyed the property to the defendants Arnold Stroshein and Judith A. Stroshein, his wife. With respect to this conveyance, the complaint alleged, "* * * Pursuant to the terms of said Warranty Deed, the Grantees, Defendants ARNOLD STROSHEIN and JUDITH A. STROSHEIN, his wife, took title subject to the mortgage referred to in Paragraph 2, supra, which mortgage and note the Grantees assumed and agreed to pay as part of the consideration for the deed." (Emphasis added.) Paragraph 5 of the complaint asserted that the mortgage was in default only by reason of the conveyance by James J. English and his wife to Stroshein and his wife, "without the written consent of the mortgagee. * * *." By virtue of that default, the plaintiff claimed the right to accelerate the indebtedness and demanded foreclosure of the mortgage.
A motion to dismiss the complaint was granted. The order of the trial court indicated that the basis for the dismissal was the failure of the plaintiff to allege that its security was impaired by the conveyance of the property to Stroshein and wife without plaintiff's consent. The appeal is from that order.
*709 The point which the plaintiff-appellant attempts to raise on this appeal is stated by appellant's brief as follows:
"A provision in a mortgage requiring mortgagee's written consent to a conveyance of property coupled with option to mortgagee of acceleration is a valid contractual agreement, and foreclosure of mortgage pursuant to application of said provision without alleging or showing impairment of mortgagee's security is not an inequitable and unjust application of the provision."
The point presented by the appellant assumes that the appellant's mortgage permits a foreclosure when the mortgagor (or a subsequent grantee) sells the mortgaged property without the consent of the appellant-mortgagee. This assumption is not supported by the terms of the mortgage which is incorporated in the complaint. Paragraph 9 of the mortgage is a condition the occurrence of which gives the mortgagee a right to accelerate the debt secured by the mortgage and to foreclose the mortgage. The condition, however, has dual elements, and both must be present to create the right of acceleration and foreclosure. For the condition to occur it is necessary under the clear language of paragraph 9 that a conveyance of the mortgaged property be made by the mortgagor (or a subsequent grantee) without the written consent of the appellant and that such conveyance be made without a valid assumption by the grantee of the obligation of the mortgage and the promissory note thereby secured. Until both these events concur, the condition has not occurred.
The appellant's own pleading alleged that the obligation of the note and mortgage was assumed by the appellees; therefore, the condition upon which the appellant's right to accelerate and foreclose has not occurred, in so far as the pleading shows. On the basis of this analysis of the complaint and paragraph 9 of the mortgage, we hold that the trial judge reached a proper conclusion in dismissing the complaint. We do not express a view as to the ground relied on by the trial judge or the merits of the point the appellant seeks to raise.
Affirmed.
CROSS, C.J., and OWEN, J., concur.