**LANDALE ENTERPRISES, INC.,**
**Plaintiff-Appellant,**

v.

**Cranford BERRY and Nell Berry, et al.,**
**Defendants-Appellees.**

**No. 80–7946.**

United States Court of Appeals,
Eleventh Circuit.

May 17, 1982.

Thomas A. Smith, Jr., Cullman, Ala., for plaintiff-appellant.

Jack B. McNamee, Haleyville, Ala., for Berry.

J. Glynn Tubb, Decatur, Ala., for United Farm and Nelson.

Before RONEY and FAY, Circuit Judges, and EDENFIELD *, District Judge.

* The Honorable Newell Edenfield, U. S. District Judge for the Northern District of Georgia, sitting by designation. This case is being decided

PER CURIAM:

The district court entered summary judgment for defendants in this diversity suit alleging fraud in the sale to plaintiff of a marina in Alabama. We affirm the grant of summary judgment on the ground that a clause in the sales contract effectively bars the claim of fraud.

Under the uncontroverted facts, Thomas E. Marsh and his wife Barbara Marsh negotiated with defendants United Farm Agency and Brian and Craig Nelson, real estate agents for defendants Cranford Berry and Nell Berry, owners of the property. The marina was purchased by plaintiff Landale Enterprises, Inc., a foreign corporation, wholly owned by the Marshes. After the purchase, Landale·brought this suit alleging fraud by defendants for their representation that the business had a net annual income of $61,930. Plaintiff contends that it relied on this false representation and that defendants either knew the representation was false at the time made or was made in a reckless manner for the purpose of fraudulently inducing plaintiff to purchase the property.

For summary judgment purposes, we accept as true plaintiff's statement that during the course of negotiations defendants misrepresented the net annual income of the business. *See Bishop v. Wood,* 426 U.S. 341, 347, 96 S.Ct. 2074, 2078, 48 L.Ed.2d 684 (1976). A provision of the sales contract, however, disclaims any reliance on such representations. The sales contract contained the following provision:

It is agreed that the buyer has thoroughly examined the property to be conveyed and relies solely on his own judgment in making this agreement to purchase, and that there are no agreements, understandings or representations made either by seller, broker, or broker's representative that are not set forth herein.

Alabama courts have not dealt with this type of specific disclaimer provision. The

by a quorum due to the death of Judge Edenfield on December 26, 1981. 28 U.S.C. § 46(d).

clarity of this clause materially distinguishes this case from those cases dealing with a general, vague clause used by plaintiff to support its position. Were we dealing with the latter type clause, the fundamental principle that a general merger clause is ineffective to exclude parol evidence to show fraud in inducing the contract would control the case. *See Stanard Tilton Milling Co. v. Mixon,* 243 Ala. 309, 9 So.2d 911, 913 (1942); *Alabama Machinery & Supply Co. v. Caffey,* 213 Ala. 260, 104 So. 509, 511 (1925).

 Under the facts here, plaintiff has in the clearest language provided in a contract which he himself drafted that he was not relying on any representations of sellers. A contract should be construed against the party who drafted the provision. *McDowell-Purcell, Inc. v. Manhattan Construction Co.,* 383 F.Supp. 802, 805 (N.D.Ala. 1974), *aff'd,* 515 F.2d 1181 (5th Cir.), *reh. denied,* 520 F.2d 943 (5th Cir. 1975), *cert. denied,* 424 U.S. 915, 96 S.Ct. 1115, 47 L.Ed.2d 320 (1976).

The specific disclaimer of reliance on the representations defeats the fraud claim. *See Danann Realty Corp. v. Harris,* 5 N.Y.2d 317, 184 N.Y.S.2d 599, 157 N.E.2d 597 (1959). To hold otherwise would be to say that it is impossible for two businessmen dealing at arms length to agree that the buyer is not relying on representations by the seller as to particular facts.

This was an "arms length" transaction. Mr. Marsh, acting on behalf of Landale, had numerous opportunities to examine the property, observe a three-day weekend operation of the business, and talk with people in the area. Mr. Marsh was a sophisticated purchaser. He was formerly employed as a purchasing agent and dealt frequently with accounting principles. The secretary-treasurer of the corporation, Barbara Marsh, was a skilled real estate agent with more than fifteen years real estate experience.

Although the misrepresentation of income may have induced plaintiff to enter into the contract, there is nothing to indicate that the specific disclaimer provision was procured through fraud. This clause was not induced by defendants to protect themselves from legal consequences. The fraud which would entitle a plaintiff to avoid a specific provision of the contract must underlie the execution of that provision. *See Barbour v. Poncelor,* 203 Ala. 386, 83 So. 130 (1919).

AFFIRMED.