**Bernard J. MORSE**

v.

**CITY FEDERAL SAVINGS AND LOAN ASSOCIATION, a Federally Chartered Savings and Loan Association, doing business in the State of Florida as Boca Raton Federal Savings and Loan Association.**

No. 82–6532–Civ–NCR.

United States District Court,
S.D. Florida,
Fort Lauderdale Division.

May 11, 1983.

---

8. Either party may elect to have the Court consider its pleadings and memoranda submitted on the motion for preliminary injunction as its pleadings and memoranda on the motion for summary judgment.

Charles A. Goff, Casoria, Goff & Friedman, Fort Lauderdale, Fla., for plaintiff.

Lewis Deschler, II, Deschler, Reed & Critchfield, Boca Raton, Fla., for defendant.

## ORDER OF PARTIAL SUMMARY JUDGMENT

ROETTGER, District Judge.

THIS CAUSE is before the court on the parties' Joint Motion for Partial Summary Judgment.

In 1974, Boca Raton Federal Savings and Loan Association ("defendant") lent money pursuant to a promissory note and mortgage which encumbered a parcel of investment property in Broward County, Florida. The plaintiff acquired the parcel through mesne conveyance in 1978 and assumed the mortgage.

In April of 1982, the plaintiff entered into a contract to sell the subject real property to third persons who are not parties to this litigation. The terms of the sales contract provided that the buyers shall assume the existing mortgage which was originated and is held by a federal savings and loan association. See Exhibit "B" to plaintiff's First Amended Complaint.

The defendant's mortgage contains the following due-on-sale clause:

"16. That, if a conveyance should be made by the mortgagor of the property hereby secured, or any part thereof, *without the written consent of the Association, and without assumption in regular form of law* by the grantee of the obligations to the Association created by said promissory note and this mortgage, then, and in that event, and at the option of the Association, and without notice, all sums of money secured hereby shall immediately and concurrently with such conveyance become due and payable and in default. The Association may deal with successors in interest with reference to this mortgage and the debt hereby secured in the same manner as with the mortgagor, and may forebear to sue or may extend time for payment of the debt, secured hereby, or otherwise act without discharging or in any way affecting the liability of the mortgagor hereunder or upon the debt hereby secured." (Emphasis added).

Evidently, the defendant did not attempt to exercise the due-on-sale clause when the property was transferred from the original mortgagor to the plaintiff. The plaintiff's contract vendees, thereupon, attempted to obtain estoppel information and assumption papers from the defendant. In response to this request, the defendant informed the plaintiff's vendee, and the plaintiff, that the mortgage was not assumable, and that the defendant intended to accelerate the principal balance of the debt pursuant to paragraph 16 of the mortgage, should the transaction be consummated.

The plaintiff thereupon filed an action in the State Court for Declaratory Relief and Damages. The defendant removed the action to the Federal Court and has counterclaimed for Declaratory Relief. The parties have entered into a Joint Motion for Partial Summary Judgment, recognizing that no issue of material fact exists in the dispute between these parties.

The legal issue to be decided by this court is whether paragraph 16 of the mortgage gives the Savings & Loan the right to declare all sums secured by the mortgage due and payable and/or the right to adjust the mortgage interest rate upon transfer of the encumbered property to a purchaser who assumes the mortgage.

The relevant federal regulation 12 C.F.R. § 545.8–3(f) (1982) was issued pursuant to the authority of the Federal Home Loan Bank Board to promulgate rules and regulations for the organization, incorporation examination, operation and regulation of federally chartered savings and loan associations. The regulation reads as follows:

"(f) Due on sale clauses. An association continues to have the power to include, as a matter of contract between it and the borrower, a provision in its loan instrument whereby the association may, at its option, declare immediately due and payable sums secured by the association's instrument if all or any part of the real property securing the loan is sold or transferred by the borrower without the association's prior written consent. Except as provided in paragraph (g) of this section with respect to loans made after July 31, 1976, on the security of a home occupied by the borrower, exercise by the association of such option (hereafter called a due-on-sale clause) shall be exclusively governed by the terms of the loan contract, and all rights and remedies of the association and borrower shall be fixed and governed by that contract.

In the recent case of *Fidelity Federal Savings & Loan Assoc. v. de la Cuesta*, —— U.S. ——, 102 S.Ct. 3014, 73 L.Ed.2d 664

(1982), the Supreme Court held that § 545.-8–3(f) pre-empts conflicting state limitations on the due-on-sale practices of federally chartered savings and loan associations. There the Court held that a state rule which limited a lender's right to exercise a due-on-sale clause to cases where the lender can demonstrate that the transfer of the property has impaired its security conflicted with § 545.8–3(f). Nevertheless, the Court noted that:

"... the second sentence of § 545.8–3(f) simply makes clear that the regulation does not empower federal savings and loans to accelerate a loan upon transfer of the security property unless the parties to the particular loan instrument, as a matter of contract, have given the lender that right. Similarly, if the parties to a given contract agree somehow to limit the association's right to exercise a due-on-sale provision, the second sentence of § 545.8–3(f) precludes the lender from relying on the first sentence as authorizing more expansive use of the clause." id. 102 S.Ct. at 3024.

The question for this court is whether, and if so, how the parties have limited the association's right to exercise the due-on-sale provision.

It is clear that the parties have indeed limited the association's right to exercise the due-on-sale clause to transfers "without the written consent of the Association, and without assumption in the regular form of law." It is the plaintiff's position that this clause gives defendants a contractual right of acceleration contingent upon the occurrence of both of two conditions precedent: (1) failure of the savings & loan to provide written consent and; (2) failure of the grantee to validly assume the mortgage. Defendant contends that federal regulations in the area of due-on-sale practices of federal savings and loan associations affirmatively grant the right of acceleration upon transfer without prior written consent and that the ostensibly limiting phrase "without assumption in regular form of

law" should be interpreted to mean assumption with an interest rate adjustment.

■ That a federal savings and loan may exercise a contractual right to accelerate notwithstanding any state law to the contrary is beyond debate. *de la Cuesta,* supra. In order to do so, however, the lender must first have obtained such a contractual right.

Prior to the original execution of the mortgage and note in this case the Fourth District Court of Appeals in Florida had construed language virtually identical to the acceleration language which is before this court. In *Home Federal Savings & Loan Association of Palm Beach v. English,* 249 So.2d 707 (Dist.Ct.App.1971), the court interpreted the following mortgage provision:

"9. If a conveyance should be made by the mortgagor of the premises herein described, or any part thereof, without the written consent of the mortgagee, and without assumption in regular form of law by the grantee of the obligation to the mortgagee created by said promissory note and this mortgage, then, and in that event, and at the option of the mortgagee, and without notice, all sums of money secured hereby shall immediately and concurrently with such conveyance become due and payable and in default."

The court held that this language created a dual condition on the lender's right to accelerate. The court stated:

"... both elements must be present to create the right of acceleration and foreclosure. For the condition to occur it is necessary under the clear language of paragraph 9 that a conveyance of the mortgaged property be made by the mortgagor (or subsequent grantee) without the written consent of the appellant (the Association) and that such conveyance be made *without a valid assumption by the grantee of the obligation of the mortgage and the promissory note thereby secured.* Until both of these events concur, the condition has not occurred. *Id.* at 709.

■ In order to form a valid contract for the assumption of a mortgage debt, the agreement must clearly import an intention by the grantor to create and by the grantee to assume a personal obligation to assume the mortgage debt. *Alabama-Florida Co. v. Mays,* 111 Fla. 100, 149 So. 61 (1933). A distinction is recognized between a transaction where the grantee accepts a deed "subject to a mortgage" and one where the grantee "assumes the debt". A statement in a deed that it is subject to a specified mortgage does not make the grantee personally liable for the payment of the mortgage debt; it binds him only to the extent of the property. *Brownson v. Hannah,* 93 Fla. 223, 111 So. 731 (1927).

■ An express provision for the mortgage "to be assumed and paid" by the purchaser is sufficient to form a contract of assumption. *Riddle v. Colliver,* 116 Fla. 723, 156 So. 880 (1934). Similarly, an agreement "to assume and pay" is sufficient. *Brogan v. Ferguson,* 101 Fla. 1306, 131 So. 171, rev'd on rehearing on another ground in 101 Fla. 1306, 133 So. 137 (1931).

■ Plaintiff has submitted as Exhibit "I" to its First Amended Complaint a copy of a Warranty Deed which plaintiff proposes to use to convey the encumbered property to his grantee/vendee. In the proposed deed is a clause indicating that the grantee shall agree "to assume and pay" the mortgage obligation. The court finds that a conveyance of the property under the terms of the proposed Warranty Deed would result in a valid assumption of the mortgage and, consequently, an assumption in the regular form of law.

Under the *Home Federal* construction of the language which is before this court, the plaintiff's vendee must fail to do both of two things before the lender's option to accelerate is triggered—the vendee must fail to get permission and fail to validly assume.

■ Plaintiff and plaintiff's vendee have failed to get defendants' prior written consent for the transfer. Plaintiff's vendee, however, is willing to assume the mortgage. As a result, the contractual right of acceleration has not been triggered.

■ Defendant argues that, by analogy to subsequently enacted federal regulations, the "assumption in the regular form of law" should be interpreted to grant the lender the right to upwardly adjust the interest rate upon assumption of the mortgage by a vendee. The lender evidently was the drafter of the instrument and it must be construed against the drafter when there is doubt. *Landale Enterprises, Inc. v. Berry,* 676 F.2d 506 (11th Cir.1982). Moreover, the Florida law interpreting this language was clear at the time of the execution of the instrument. The conditions precedent are neither mandated by state law nor conflicting with the federal regulation. Rather, this type of private contractual limitation is referred to and expressly sanctioned by the federal regulation.

In short, this order is not in derogation of *de la Cuesta,* supra. In fact, this court was ruling in favor of federal savings and loan associations on due-on-sale questions for over a year prior to the *de la Cuesta* decision. However, the savings and loan association which drafted the original language of the mortgage does have the right under the regulation to include "as a matter of contract between it and the borrower", a provision permitting the association to accelerate the balance if any portion of the real property securing the loan is transferred by the borrower without prior written consent of the association. However, the language of this loan instrument simply does not give the defendant this right, and it is bound by the terms of its contract. Accordingly, it is

ORDERED AND ADJUDGED that partial summary judgment is granted pursuant to Federal Rule of Civil Procedure 56, as follows: Defendant may not accelerate the outstanding mortgage indebtedness nor adjust the mortgage interest rate under para-

graph 16 of the mortgage in question by virtue of the transfer of the encumbered real property to a purchaser who will assume the mortgage.

DONE AND ORDERED this 4th day of May, 1983.