ORFINGER, Judge,
concurring specially.
This case involves the same mortgage clause and the same lender as in Security First Federal Savings & Loan Association v. Jarchin, 479 So.2d 767 (Fla. 5th DCA 1985), and because Jarchin is apparently the holding of this court on the subject, I must concur in the result here. Were I free to do so, I would dissent in the following manner:
I respectfully dissent. The mortgage clause involved here, as in Jarchin, is a due-on-sale clause which reads:
If a conveyance should be made by the Mortgagor of the premises herein described or of any part thereof, without the written consent of said Mortgagee and without the assumption in regular form of law by the grantee of the obligation to the said Mortgagee created by said promissory note and this mortgage and by whatever- agreement for additional advances there may be, then and in that event it shall be optional with said Mortgagee to declare said sums of money secured hereby immediately and concurrently with such conveyance due and payable and in default, waiver of all notices as required by law hereby expressly made by said Mortgagor.
The mortgagor, without the consent of Security, conveyed the property to Chamberlain, who assumed the obligation of the mortgage by acceptance of the deed. Security then accelerated the debt and filed a complaint for foreclosure whereupon Chamberlain filed an action for a declaratory judgment to determine the validity and effect of the due-on-sale clause. The actions were consolidated in the trial court. We know now that lack of proof of impairment of security is no longer a viable reason for refusing to enforce a due-on-sale clause. Weiman v. McHaffie, 470 So.2d 682 (Fla.1985). Therefore, the only issue remaining here, as in Jarchin, is the interpretation of the clause itself.
I would adopt Judge Upchurch’s dissent in Jarchin. Elaborating, I believe the majority completely misreads, and thus misinterprets, the plain meaning of the contested clause. The plaintiff and the Jarchin majority read the clause as imposing two conditions on the right of Security to foreclose. But that is not what the clause says. The clause addresses conveyances, not foreclosures. It imposes conditions upon the mortgagor (the one who conveys), not the lender. The lender has the option to foreclose under this clause if a conveyance of the property is not accompanied by 1) the consent of the lender and 2) an assumption of the mortgage by the purchaser. If the mortgagor conveys without complying with both conditions, the lender has the option to accelerate.
The majority opinion in Jarchin attempts to make “foreclosure” the subject matter of the clause in question, when it is not. The subject matter of the clause is the conveyance by the mortgagor, and the conditions stated in the clause apply to the conveyance, not to the right to foreclose. The incorrect emphasis placed on the clause in Jarchin is best exemplified by this statement from that decision:
Security could not at its option accelerate the debt until the two conditions had been fulfilled, and the second was not— due to the good faith attempt by the Gormleys, frustrated by Security, to assume the mortgage in regular form of law. Security’s argument would be valid only if the conjunctive “and” in paragraph 14 is read as the disjunctive “or.”
479 So.2d at 769. Clearly, by any interpretation, if the two conditions (consent and assumption) were fulfilled, Security could not accelerate. Security does not argue that “and” means “or.” It clearly means “and,” and means that both conditions (consent and assumption) must accompany a conveyance. The court should have held that Jarchin could not convey the property until the two conditions had been fulfilled (consent and assumption), failing which, Security could exercise its option to accelerate. This is what the clause says. It requires no interpretation and should be read according to its plain meaning.
While I recognize that Home Federal Savings and Loan Ass’n of Palm Beach v. *435 English, 249 So.2d 707 (Fla. 4th DCA 1971) reached the same result as does Jarchin, in my opinion, English was incorrectly decided. It is also my opinion that there is no substantial difference between the clause in question here and the similar clause in First Federal Savings & Loan Ass’n of Winter Haven v. Quigley, 445 So.2d 1052 (Fla.2d DCA), review denied, 453 So.2d 45 (Fla.), cert. denied, — U.S. -, 105 S.Ct. 513, 83 L.Ed.2d 403 (1984). The language in Quigley is slightly different from the language in question here, but the plain meaning of both clauses is the same. The Jarchin majority attempts to distinguish Quigley from this case, but the cases are indistinguishable. The Quigley provision imposed two conditions on conveyances of the mortgaged property, viz: written consent of the mortgagee and assumption by the purchaser. The mortgage clause in question here does precisely the same. Instead of attempting to distinguish English, this court should certify conflict with that case. I would reverse.