487 So.2d 1193 (1986)
Leslie A. RUBIN, General Partner of Leslie A. Rubin, Limited, by and for LESLIE A. RUBIN, LIMITED, a Florida Limited Partnership, Appellant,
v.
CENTERBANC FEDERAL SAVINGS & LOAN ASSOCIATION, f/k/a St. Petersburg Federal Savings & Loan Association, Appellee.
No. 85-1748.
District Court of Appeal of Florida, Second District.
April 30, 1986.
Emil C. Marquardt, Jr. of McMullen, Everett, Logan, Marquardt & Cline, P.A., Clearwater, for appellant.
Joseph W. Fleece, III, of Belcher & Fleece, P.A., St. Petersburg, for appellee.
SCHOONOVER, Judge.
Appellant, Leslie A. Rubin, general partner of Leslie A. Rubin Limited, by and for Leslie A. Rubin, Limited, a Florida limited partnership, seeks review of a final judgment entered in favor of appellee, Centerbanc Federal Savings & Loan Association, in an action on a mortgage contract. We affirm.
In 1977, the mortgagor, Leslie A. Rubin, borrowed $450,000 from Centerbanc to finance the purchase of a building. A promissory note and mortgage were executed to secure repayment of the borrowed funds. The mortgage contained two due-on-sale clauses.[1] Paragraph 12 of the preprinted mortgage provided as follows:

*1194 12. If a conveyance should be made by the Mortgagors of the premises herein described, or any part thereof, without the written consent of the Mortgagee, and without assumption in regular form of law by the grantee of the obligation to the Mortgagee created by said promissory note and this mortgage, then, and in that event, and at the option of the Mortgagee, and without notice, all sums of money secured hereby shall immediately and concurrently with such conveyance become due and payable and in default.
Paragraph 16 was typed in at the end of the printed form and provided as follows:
16. The whole of said principal sum and interest shall become due at the option of the mortgagee in the event of any sale, or any other change of ownership of the mortgaged property or any sale or other transfer of the interest of the mortgagor, whether occurring by voluntary act or involuntarily or by operation of law or otherwise without the prior written consent of the mortgagee, consent will not be unreasonably withheld.
At the closing of the transaction, the phrase, "consent will not be unreasonably withheld," was added to paragraph 16 at the mortgagor's request.
In 1983, the mortgagor entered into a contract for the sale of a one-half interest in the building. The bank would not consent to the sale unless the purchaser agreed to increase the interest rate specified in the note and mortgage to the prevailing market rate. The purchasers refused to buy the property unless the interest rate remained the same.
When an agreement between all concerned could not be reached, the mortgagor filed an action seeking specific performance of the mortgage contract, damages for breach of contract, and damages for tortious interference with an advantageous relationship with a bona fide prospective purchaser. At the conclusion of a trial on the merits, the court found for the bank. The court specifically found that paragraph 16 of the mortgage controlled over paragraph 12, and that the bank did not unreasonably withhold its consent to an assumption of the mortgage by requiring an increase in the interest rate. This appeal timely followed.
The mortgagor contends that the trial court erred in allowing the bank to demand, as a condition to giving its consent to assumption of the mortgage, that the interest rate in the note and mortgage be increased. We disagree.
It is now settled that a lender may enter into or enforce a contract containing a due-on-sale clause with respect to a real estate loan. Any limitation of this right must be clearly set forth in the contract involved. 12 C.F.R. § 545.8-3(f) (1982); Fidelity Federal Savings & Loan Assoc. v. de la Cuesta, 458 U.S. 141, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982); Weiman v. McHaffie, 470 So.2d 682 (Fla. 1985). The lender, whether private or institutional, may enforce such a clause without showing an impairment of security. Weiman.
We, therefore, must look to the contract to determine the rights and limitations of the parties. Were we to find that paragraph 12, the first of the due-on-sale clauses, controlled, and were we to follow the decisions of two of our sister courts, we would hold that the bank improperly refused to consent to the assumption of the mortgage. See Home Federal Savings & Loan Assoc. v. English, 249 So.2d 707 (Fla. 4th DCA 1971); Security First Federal Savings & Loan Assoc. v. Jarchin, 479 So.2d 767 (Fla. 5th DCA 1985).
In this case, however, paragraph 16 was typed onto the printed mortgage form. It allows the lender to accelerate the loan where the lender's written consent has not been obtained prior to a change in ownership, and limits the withholding of this consent only to that which is reasonable. Because due-on-sale provisions may be enforced, not only to prevent impairment of *1195 security, but to protect the financial stability of mortgage lenders by enabling them to receive current interest rates on the money they lend, Weiman, it is reasonable for a lender to withhold consent to an assumption unless the parties agree to increase the interest rate to the prevailing market rate. Torgerson-Forstrom H.I. of Willmar, Inc. v. Olmsted Federal Savings & Loan Assoc., 339 N.W.2d 901 (Minn. 1983); see also, Malouff v. Midland Federal Savings & Loan Assoc., 181 Colo. 294, 509 P.2d 1240 (1973); Redd v. Western Savings & Loan Co., 646 P.2d 761 (Utah 1982); Century Federal Savings & Loan Assoc. v. Van Glahn, 144 N.J. Super. 48, 364 A.2d 558 (N.J.Sup.Ct.Ch.Div. 1976).
Typewritten provisions must prevail where they are inconsistent with printed portions of a contract. McDonald v. Connell, 158 So.2d 780 (Fla.2d DCA 1963). As paragraph 16, the typewritten clause, imposes a result inconsistent with paragraph 12, the preprinted clause, it must control interpretation of the contract. We hold, therefore, that the bank did not unreasonably withhold its consent to assumption of the mortgage by requiring an increase in the interest rate to the prevailing market rate. The trial court, accordingly, did not err in entering a judgment for the bank, and we affirm.
AFFIRMED.
SCHEB, A.C.J., and SANDERLIN, J., concur.
NOTES
[1] A due-on-sale clause has been defined as a contractual provision that allows the lender to declare the entire balance of a loan immediately due and payable if the property securing the loan is sold or otherwise transferred. Fidelity Federal Savings & Loan Assoc. v. de la Cuesta, 458 U.S. 141, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982).