Ms. Audrie M. Harris Town of Ponce Inlet Attorney Post Office Box 15110 Daytona Beach, Florida 32118
Dear Ms. Harris:
You ask substantially the following questions:
1. Does the court's holding in Zink v. State[1] apply to all private roads within the state, including those within a private planned unit development (PUD), where the public does not have a right to travel and the PUD has not entered into a written agreement with the local government for traffic control jurisdiction?
2. If so, is the court's holding limited to enforcement only of section316.193, Florida Statutes?
As your questions are interrelated, they will be answered together.
This office has previously stated that the provisions of Chapter 316, Florida Statutes, are enforceable on private property only when the public has a right to travel by motor vehicle on such property.[2] This conclusion was based on the language of section 316.640, Florida Statutes, which provides, in part, that counties and municipalities shall enforce state traffic laws on all streets and highways "wherever the public has the right to travel by motor vehicle."[3] It is the availability of the area or place for travel and the right of general and common use that makes certain private property subject to public control pursuant to Chapter 316, Florida Statutes.
Thus, municipalities have enforcement authority with respect to traffic violations and accidents occurring on "private property" where the public has the right to travel by motor vehicle, such as in shopping centers and parking lots. In 1987, however, section 316.006, Florida Statutes, was amended to supply additional authority for municipal law enforcement officers to enforce traffic laws on certain private property.[4] As amended, section 316.006(2)(b), Florida Statutes, provides:
"A municipality may exercise jurisdiction over any private road or roads, or over any limited access road or roads owned or controlled by a special district, located within its boundaries if the municipality and party or parties owning or controlling such road or roads provide, by written agreement approved by the governing body of the municipality, for municipal traffic control jurisdiction over the road or roads encompassed by such agreement. . . . "
Thus, the provisions of Chapter 316, Florida Statutes, may be enforced on private roads where the public does not have the right to travel when an agreement has been entered into pursuant to s. 316.006(2)(b), Florida Statutes. Such agreement, however, must provide for reimbursement for the actual costs of traffic control and enforcement and for liability insurance and indemnification by the party or parties who own or control such road or roads.[5]
In Zink v. State,[6] the defendant argued that the prohibition in section 316.193(1)(a), Florida Statutes, against driving while under the influence of alcohol could not be applied to him since his offense was committed on private property and not on a public highway. While the defendant recognized that section 316.193(1)(a) makes it unlawful for a person under the influence of alcohol, to the extent that his normal faculties are impaired, to drive or be in the actual physical control of any vehicle "within this state," he argued that the phrase "within this state," when considered in pari materia with the remainder of Chapter 316 — in which the terms "highways, streets, or thoroughfares of this state" are often used — should be given the strict interpretation of meaning "upon the streets and highways and elsewhere throughout the state where the public might have the right to travel."
The Zink court declined to adopt the defendant's interpretation, stating that the phrase "within this state" in section 316.193(1)(a), Florida Statutes, is not ambiguous and "very lucidly indicates the legislature's intent to encompass all lands in the state."[7] The court agreed with the lower court that "it is not objectionable that the Florida Legislature has chosen to apply the statutory prohibition against driving while under the influence of alcohol more broadly throughout the state than certain other prohibitions contained in chapter 316."[8]
A review of the Zink court's decision clearly indicates the court considered the provisions of section 316.193, Florida Statutes, to apply throughout the state, including on roads on which the public did not have the right to travel. As noted above, such an interpretation was based on the language of the statute that specifically refers to driving or being in control of a vehicle within this state. Thus, the court's holding inZink v. State, supra, appears to apply to all private roads within the state, including those within a private planned unit development (PUD), where the public does not have a right to travel and the PUD has not entered into a written agreement with the local government for traffic control jurisdiction.
A review of the court's decision, however, does not indicate an intent to apply all the regulatory provisions of the state traffic laws to any roadway within this state regardless of whether the public has a right to travel on it. In fact, the court determined that the broader regulation against driving under the influence anywhere in the state rather than just on its streets and roads was reasonable. While the case was decided by the First District Court of Appeal, the decisions of the district courts of appeal represent the law of Florida unless and until they are overruled by the Supreme Court.[9]
Accordingly, I am of the opinion that the decision of the First District Court of Appeal in Zink v. State, supra, applies to all private roads within the state, including those within a private planned unit development (PUD), where the public does not have a right to travel and the PUD has not entered into a written agreement with the local government for traffic control jurisdiction. The court's decision, however, relates only to the enforcement of section 316.193, Florida Statutes.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] 448 So.2d 1196 (Fla. 1st DCA 1984).
[2] See, e.g., Ops. Att'y Gen. Fla. 90-68 (1990) (no authority to enforce Ch. 316, Fla. Stat., exists on private roads located within a private development or over roads or streets within a special taxing district where such byways are not available for public use, absent a written agreement entered into pursuant to s. 316.006(2)(b), Fla. Stat.), 88-05 (1988), 86-59 (1986) (municipal police department not authorized to enforce provisions of Ch. 316 within park and recreation district created by special act since general public not permitted to travel by motor vehicle therein); and 83-84 (1983) (if access to and common use of roads on private property not generally available to public but legally limited by recorded restrictive covenants to persons having express or implied permission from owner, then provisions of Ch. 316 are not applicable and municipal police department does not have right or obligation or authority to enforce Ch. 316 on such private property regardless of invitation by private property owner to police department).
[3] See s. 316.640(2)(a) and (3)(a), Fla. Stat., respectively.
[4] Section 3, Ch. 87-88, Laws of Fla.
[5] Section 316.006(2)(b)1., Fla. Stat., which also provides that such other terms as are mutually agreeable to the parties may also be included in the agreement. And see s. 316.006(2)(b)2., Fla. Stat., which provides that "[t]he exercise of jurisdiction provided for herein shall be in addition to jurisdictional authority presently exercised by municipalities under law . . . ."
[6] 448 So.2d 1196 (Fla. 1st DCA 1984). See s. 316.193(1), Fla. Stat., which provides:
"A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection (2) if the person is driving or in actual physical control of a vehicle within this state and: (a) The person is under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance controlled under chapter 893, when affected to the extent that the person's normal faculties are impaired; (b) The person has a blood-alcohol level of 0.08 or more grams of alcohol per 100 milliliters of blood; or (c) The person has a breath-alcohol level of 0.08 or more grams of alcohol per 210 liters of breath."
[7] 448 So.2d at 1197.
[8] Id.
[9] See, e.g., Stanfill v. State, 384 So.2d 141 (Fla. 1980); Weiman v.McHaffie, 470 So.2d 682, 684 (Fla. 1985) (in the absence of interdistrict conflict, district court decisions bind all Florida trial courts). Andsee State v. Hayes, 333 So.2d 51, 53 (Fla. 4th DCA 1976) (trial court obligated to follow decisions of other district courts of appeal in this state in the absence of conflicting authority and where the appellate court in its own district has not decided the issue); Pardo v. State,596 So.2d 665 (Fla. 1992).